UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RISHI K. GUPTA,<br><br>    Plaintiff<br><br>    - against -<br><br>NEW SILK ROUTE ADVISORS, L.P., et al.<br><br>    Defendants | No. 1:19-cv-09284-PKC<br><br>**STIPULATION AND ORDER OF CONFIDENTIALITY** |
| NEW SILK ROUTE ADVISORS, L.P., et al.<br><br>    Counterclaim Plaintiffs<br><br>    - against -<br><br>RISHI K. GUPTA,<br><br>    Counterclaim Defendant | |

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the parties herein, that:

1. "Confidential Information," as used herein, means any type or classification of information designated as "confidential" by any party to the action or responding to a subpoena, based on the designating party's good faith belief that it is confidential and qualifies for protection under Federal Rule of Civil Procedure 26(c), whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory response or any other form of information. "Confidential Information," as used herein, includes:

   a. Information regarding the non-public operations and/or activities of the New Silk Route group of funds and affiliated entities ("NSR"), including strategies and trade secrets;

   b. Information regarding compensation, assignments, hiring, retention, and/or termination of past or present NSR personnel;

   c. Plaintiff's, Defendants', Counterclaim Plaintiffs', or any NSR entity's tax returns;

   d. Non-public personal information, such as home addresses, phone numbers, social security numbers or tax ID numbers of any individual or entity; and

   e. Any other category of information hereinafter given confidential status by the Court or agreement of the parties.

2. The parties shall designate discovery materials produced in the course of discovery as confidential information by marking or stamping such discovery materials where possible with the word "CONFIDENTIAL." If a party wishes to designate documents produced by a non-party as "confidential," that party must notify the other parties of the designation in writing.

3. "Qualified Person" means: (a) Aegis Frumento, Esq., Stephanie Korenman, Esq, and any partners, associates or employees of Stern Tannenbaum & Bell LLP; (b) Kevin Galbraith, Esq, Christopher Warren, Esq., and any partners, associates or employees of The Galbraith Law Firm; (c) any expert and expert's staff or attorney outside of any partners or employees of Stern Tannenbaum & Bell LLP or The Galbraith Law Firm employed, consulted or retained by Plaintiff or his attorneys for the purpose of assisting in the prosecution of this

2

litigation; (d) Plaintiff; (e) Samidh Guha, Esq., E. Danya Perry, Esq., and any partners, associates or employees of Perry Guha LLP; (e) Bettina B. Plevan, Esq., Harris Mufson, Esq., and any partners, associates or employees of Proskauer Rose LLP; (f) any expert and expert's staff or attorney outside of any partners or employees of Perry Guha LLP and Proskauer Rose LLP employed, consulted or retained by Defendants and Counterclaim Plaintiffs for the purpose of assisting in the defense of this litigation; and (g) management and employees of NSR or Vedanta Capital involved in or connected with this litigation.

4. Except as otherwise provided herein, Confidential Information shall be disclosed by the receiving party only to Qualified Persons who have read and agree to be bound by this Stipulation, and in the case of persons described in paragraphs 3(c) and (f), only after execution of a written Acknowledgment in the form attached hereto as Exhibit A. Nothing in this Agreement prohibits either party's counsel during a witness interview or examination to show a witness who has not executed a written Acknowledgment Confidential Information that the witness sent or received.

5. Each Qualified Person will maintain Confidential Information in confidence and will not reveal any Confidential Information to any person who is not a Qualified Person without the prior written consent of counsel for the party who produced the information or an order by the Court authorizing such disclosure. Confidential Information shall be used only for purposes of this litigation and related proceedings.

6. Confidential Information may be copied only to the extent necessary to permit its use in accordance with the terms of this Stipulation. Within thirty (30) days after the conclusion or settlement of this lawsuit (including appeals, if any), all Confidential Information, and all documents containing Confidential Information, in the possession of any Qualified Person shall

3

be returned to counsel for the party who produced the documents, together with all copies, extracts and summaries thereof, except that the parties' counsel shall be permitted to retain its working files on the condition that those files will remain confidential in perpetuity consistent with the terms of this Stipulation.

7. In the event counsel for Plaintiff or Defendants and Counterclaim Plaintiffs disagrees with any designation of "Confidential Information" or considers it necessary to disclose Confidential Information to a person who is not a Qualified Person, counsel for the parties shall confer in good faith and attempt to resolve the matter informally. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the parties are unable to resolve their differences, they shall so state in writing. The party making the designation must then file a Motion for a Protective Order, request a conference with the Court, or otherwise commence the process to file a Motion for Protective Order under with any applicable local or individual rules within seven (7) days thereafter. If the party making the designation does not take the steps listed above to initiate the filing of a Motion for Protective Order with the Court within fourteen (14) days from written notice of the objection, the document will no longer be deemed Confidential. The burden of going forward to obtain a protective order shall remain on the party seeking a Confidential designation. The information in question shall be treated as Confidential Information, subject to the terms of this Stipulation, until otherwise agreed to by the parties or otherwise ordered by the Court. If a designation of confidentiality is challenged, a presumption of confidentiality should not attach to any information that receives a designation of "confidential" by either party.

4

8. The disclosure of a document or information to a Qualified Person without designating it as Confidential Information shall not constitute a waiver of the right to designate such document or information as Confidential Information and, once so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation.

9. Counsel for the parties may, in the course of deposing a person who is not a Qualified Person, show the witness Confidential Information and examine the witness concerning such information provided that (a) the witness is informed that the information is confidential and is instructed that such confidentiality must be maintained, and (b) no persons are present during those portions of the examination concerning Confidential Information except the witness, Qualified Persons, and a court reporter; and (c) the witness is not allowed to retain or remove from the examination room any exhibits or documents or notes or any other material containing any Confidential Information.

10. Confidential portions of filings with the Court, including information subject to confidential treatment in accordance with the terms of this Stipulation that is filed with the Court, and any portions of pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal until further order of the Court. With respect to the disclosure of Confidential Information during argument, hearings or trial before the Court, the parties agree to advise the Court in advance of said disclosure so that the Court may take appropriate action to protect its confidentiality.

11. As required by paragraph 4 of the Individual Practices of Judge P. Kevin Castel, the following language in included in this Order:

> Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of

documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

12. Nothing contained in this Stipulation shall be construed to prejudice any party's right to use in open court any Confidential Information, provided that reasonable notice of the intended use of the Confidential Information shall be given to opposing counsel.

13. Nothing contained in this Stipulation has any affect on, and the scope of the Stipulation shall not extend to, the use or disclosure of Confidential Information by the Party who has designated the information as Confidential Information.

14. The inadvertent production of any privileged documents, materials or information or attorney work product shall be without prejudice to any claims that such documents, materials or information is privileged or constitutes attorney work product, and shall constitute neither a waiver of any privilege that may otherwise attach thereto nor a general waiver of such privilege. Upon demand by the producing party, all copies of any inadvertently-produced document, materials or information shall be returned forthwith to such party, and shall not be offered into evidence, or be subject to production, in the action or any other proceeding without the express written consent of such producing party.

6

15. This Stipulation shall extend beyond the final conclusion of the action and shall remain in full force and effect until and unless modified, superseded, or terminated by written agreement of the parties.

16. This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original but all of which together shall be deemed to be one and the same instrument. A facsimile signature will be binding in all respects as if it were an original signature to this Stipulation.

17. The parties have agreed to abide by the terms of a separate Non-Disclosure Agreement with TradingScreen, Inc., which is attached to this Order as Exhibit B, and is incorporated by reference into this Order as applicable and with respect to any documents produced by TradingScreen. Inc.

STERN TANNENBAUM & BELL LLP

By: *Aegis J. Frumento*
Aegis J. Frumento, Esq. (AF-7619)
Stephanie Korenman, Esq. (SK-0447)

380 Lexington Avenue, 33rd Floor
New York, New York 10168
(212) 792-8979
afrumento@sterntannenbaum.com
skorenman@sterntannenbaum.com
*Attorneys for Plaintiff Rishi Gupta*

-and-

THE GALBRAITH LAW FIRM

By: *Kevin D. Galbraith*
Kevin D. Galbraith, Esq. (KG-7512)
Christopher D. Warren, Esq. (CW-3630)

236 West 30th Street, 5th Floor
New York, New York 10001
(212) 203-1249
kevin@galbraithlawfirm.com
chris@galbraithlawfirm.com
*Attorneys for Plaintiff Rishi Gupta*

PERRY GUHA LLP

By: *Samidh Guha*
Samidh Guha, Esq.
E. Danya Perry, Esq.

35 East 62nd Street
New York, New York 10065
(212) 399-8350
sguha@perryguha.com
dperry@perryguha.com
*Attorneys for Defendants and Counterclaim Plaintiffs*

-and-

PROSKAUER ROSE LLP

By: *Harris Mufson*
Harris M. Mufson, Esq.
Bettina B. Plevan, Esq.

11 Times Square
New York, New York 10036
(212) 969-3000
bplevan@proskauer.com
hmufson@proskauer.com
*Attorneys for Defendants and Counterclaim Plaintiffs*

New York, New York

July __, 2020

**SO ORDERED** this 22nd day of July, 2020

_____
Hon. P. Kevin Castel, U.S.D.J.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| RISHI K. GUPTA,<br><br>    Plaintiff<br><br>    - against -<br><br>NEW SILK ROUTE ADVISORS, L.P., et al.<br><br>    Defendants.<br><br>NEW SILK ROUTE ADVISORS, L.P., et al.<br><br>    Counterclaim Plaintiffs<br><br>    - against -<br><br>RISHI K. GUPTA,<br><br>    Counterclaim Defendant. | No. 1:19-cv-09284-PKC<br><br>**ACKNOWLEDGEMENT OF STIPULATION AND ORDER OF CONFIDENTIALITY** |

I have read the Stipulation and Order regarding Confidential Information in the above captioned action. I hereby acknowledge that I understand the terms thereof, and that I consent to be bound by such terms.

I understand that a breach of the terms of the Stipulation and Order may be punishable by any sanctions deemed appropriate by the Court.

Date: _____

_____
Signature

_____
Print Name