UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

RISHI K. GUPTA,

                    Plaintiff,                            19-cv-9284(PKC)

     -against-

                                                       ORDER

NEW SILK ROUTE ADVISORS, L.P., et al.,

                    Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The Court has reviewed defendants' letter of April 20, 2021 and plaintiff's response of April 22, 2021. The Court also has a letter from non-party Gupta Associates, LLC dated April 21, 2021.

        An employee is not permitted to steal from his or her employer and when that occurs there are remedies provided under law. This is true if the property is money, a chattel, such as desk lamp, an automobile, a cell phone, a home computer or documents, or intangible property, such as intellectual property, trade secrets, confidential or privileged information or electronically-stored information. Conversion may occur when property is improperly retained after employment has ended; this too is form of stealing. Also the departing employee may know trade secrets or confidential or privileged information and his conduct becomes actionable in tort, contract or otherwise if it is disclosed or threatened to be disclosed. Ordinarily, it does not matter that during the period of employment the employee enjoyed full access or use of the property or information.

That the property retained by the employee after employment consists of documents, electronically-stored information or confidential or privileged information does not ordinarily make any dispute relating thereto a discovery issue. But see Herrera v. Clipper Grp., L.P., No. 97-CIV-560 (SAS), 1998 WL 229499, at *1 (S.D.N.Y. May 6, 1998).

But defendants maintain that it has become a discovery-related issue because plaintiff has violated the Court's Stipulation and Order of Confidentiality (Doc 33) governing information designated as confidential. Plaintiff denies it.

The Court will allow a five-hour deposition of the plaintiff limited to the possession, control, use, transfer and/or dissemination of any purported property of defendants of any kind, including confidential or privileged information or documents. This is in addition to any other deposition of plaintiff in this action.

Gupta Associates seeks relief regarding a subpoena filed in a state court action to which a defendant in this action has objected. Gupta Associates LLC has no standing in this action and all requested relief is DENIED.

All other relief sought by any party to this action is DENIED.

SO ORDERED.

*[signature]*

P. Kevin Castel
United States District Judge

Dated: New York, New York
       April 23, 2021