UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

RISHI K. GUPTA,

                        Plaintiff,                              19-cv-9284 (PKC)

        -against-

                                                               OPINION AND ORDER

NEW SILK ROUTE ADVISORS, L.P., et al.,

                       Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Rishi Gupta brings a claim of retaliation under the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 78u-6(h). Relief for successful litigants includes reinstatement, attorney's fees and costs, and "2 times the amount of back pay otherwise owed to the individual, with interest." 15 U.S.C. § 78u-6(h)(1)(C). In their amended answer, New Silk Route Advisors, L.P., New Silk Route Partners, LTD., CEO of the enterprise, Parag Saxena, and all related entities (defendants are collectively referred to as "NSR"), assert, among others, the affirmative defense of a failure to mitigate damages. Gupta now moves to strike this affirmative defense, or in the alternative, to compel discovery from TradingScreen Inc. ("TSI"), an entity for whom he served as Chief Financial Officer. For the reasons explained below, Gupta's motion to strike will be denied, and his motion to compel discovery will be granted.

BACKGROUND

        The following is a brief recitation of the facts relevant to these motions, as alleged by Gupta in his Amended Complaint (Doc 41). He began his employment with NSR in March 2009, when he was appointed as the CFO of NSR Advisors. (Am. Compl. at ¶¶ 12–14, 32–34.)

In March 2011 he was appointed as the Corporate Secretary of NSR Partners, and in March 2012, he was appointed Chief Compliance Officer of NSR Advisors. (Id. ¶¶ 32–33.) From at least March 2012 through his termination on January 5, 2017, he was the "de facto CCO and CFO of the entire enterprise." (Id. at ¶¶ 12–14) In connection with his role as Chief Compliance Officer, in 2012 he implemented a compliance program to ensure that NSR and its associated funds were run lawfully and adhered to the regulations and obligations of a registered investment advisor. (Id. at ¶ 44–45.)

According to Gupta, NSR CEO Pareg Saxena resisted the compliance program. (Id. at ¶ 51.) Saxena ignored compliance procedures, hindered accurate disclosure of financial information, engaged in questionable transactions, and undermined Gupta's authority as CFO and CCO. (Id. at ¶¶ 51–63.) As a result, in March 2016, Gupta began to file Form TCRs ("Tips, Complaints & Referrals") with the SEC Whistleblower Office informing them of the discrepancies. (Id. at ¶ 67.) Specifically, he submitted five TCR forms in 2016, two of which resulted in SEC orders and sanctions against NSR. (Id. at ¶¶ 69–70.)

Gupta alleges that "as early as 2014" Saxena accused him of leaking confidential information to entities and individuals that had ongoing disputes with Saxena as well as the SEC. (Id. at ¶¶ 82–84.) In early 2016, after the SEC had initiated an examination into NSR, Saxena forbid Gupta from communicating further with the SEC and moved all field visits and meetings to January 2017. (Id. at ¶ 87.) In September 2016, Gupta emailed Aaron Deuser, the only other board member of NSR Partners besides Saxena, asking him to take remedial measures against Saxena for noncompliance. (Id. at ¶ 88.) This began a series of escalating interactions between Saxena and Gupta, where Saxena expressed anger at Gupta's actions since becoming CCO of NSR, and questioned his loyalty to the enterprise. (Id. at ¶¶ 89–96.) On January 5, 2017, Saxena

terminated Gupta, claiming that it was done as part of a workforce reduction. (Id. at ¶¶ 97–98.) Gupta asserts that he was fired for whistleblowing.

Gupta searched for a new job following his termination, and in May 2018, he became the CFO of TSI. (Id. at ¶ 114.) However, immediately upon working at TSI, he alleges that he uncovered substantial financial mismanagement, prompting hostility from the TSI executives who had hired him. (Id. at ¶ 115.) On September 4, 2018, he was terminated from his position with TSI, as he was a "mismatch" with the company and was "impossible to work with." (Id. at ¶¶ 119–121.) Gupta filed a complaint with the New York State Division of Human Rights, arguing that his termination was due to his age and national origin. (Id. at ¶ 121.) The complaint was dismissed. (P. Mem. at 8 n.6.)

NSR's NINTH AFFIRMATIVE DEFENSE

In its Amended Answer (Doc 44), NSR raises as an affirmative defense that "[i]f Plaintiff has suffered damages, which Defendant expressly denies, upon information and belief, he has failed to take reasonable and diligent efforts to mitigate his damages." (Am. Answer at 18.) Both of Gupta's motions pertain to this defense. First, he asserts that the defense should be stricken because, in his view, a plaintiff bringing a retaliation claim under Dodd-Frank has no duty to mitigate any damages suffered. In the alternative, he argues that his employment at TSI was effective mitigation of his damages. He moves to compel TSI to produce certain materials relevant to his employment and termination, so that he can show that he acted reasonably and diligently in trying to maintain his employment there, but was fired without cause.

DISCUSSION

      A. Gupta's Motion to Strike NSR's Ninth
         Affirmative Defense is Denied.

Rule 12(f), Fed. R. Civ. P. states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "In order to prevail on a motion to strike [an affirmative defense], a plaintiff must show that: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." GEOMC Co., Ltd. v. Calmare Therapeutics Inc., 918 F.3d 92, 96 (2d Cir. 2019) (quoting SEC v. McCaskey, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999)). With respect to the first factor, "the plausibility standard of Twombly applies. . . ." GEOMC Co., Ltd., 918 F.3d at 98. The District Court has discretion when deciding whether to strike an affirmative defense. Id. at 99; Art Media, LLC v. Brant, 19 cv 11218, 2021 WL 746261, at *4 (S.D.N.Y. Feb. 12, 2021) (Marrero, J).

Gupta argues that there is no question of fact or law that could enable the defense to succeed because Dodd-Frank retaliation damages do not require mitigation. As the Second Circuit has held, "an affirmative defense is improper and should be stricken if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." GEOMC Co., Ltd., 918 F.3d at 98. Should the Court grant his motion to strike, his motion to compel discovery from TSI would be moot, since mitigation would be irrelevant.

Gupta cites no controlling law for his assertion that Dodd-Frank plaintiffs need not mitigate their damages. In fact, he readily admits that it is "a matter of first impression." (P. Mot. at 9.) While he points to the textual differences between Dodd-Frank and other statutes explicitly requiring mitigation, defendant cites recent cases where courts appear to impose a duty

to mitigate damages upon Dodd-Frank plaintiffs. Motions to strike for legal insufficiency are "not favored and will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.' " William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015 (1986) (quoting Durham Industries, Inc.v. North River Insurance Co., 482 F. Supp. 910, 913 (S.D.N.Y. 1979)). A motion to strike is not "intended to furnish an opportunity for the determination of disputed and substantial questions of law." Federal Trade Commission v. Vyera Pharmaceuticals, LLC, No. 20 cv 706, 2020 WL 7695828, at *2 (S.D.N.Y. Dec. 28, 2020) (Cote, J) (quoting Carter-Wallace, Inc. v. Riverton Laboratories, Inc., 47 F.R.D. 366 (S.D.N.Y. 1969)).

Were Gupta to fail on the merits, he would not be entitled to damages, and any opinion on the duty to mitigate would be "an advisory opinion on an abstract and hypothetical set of facts." William Z. Salcer, Panfeld, Edelman, 744 F.2d at 939. At this early stage in the proceeding, the Court declines to address whether a plaintiff seeking damages for retaliation under Dodd-Frank has a duty to mitigate his damages. Accordingly, Gupta's motion to strike NSR's ninth affirmative defense is denied.

### B. Gupta's Motion to Compel Discovery From TSI is Granted.

Gupta next moves to compel TSI to produce certain materials that he argues are necessary to refute NSR's mitigation defense. He seeks documents that support his claim that he was not terminated by TSI for cause, which would jeopardize his argument that he effectively mitigated his damages, but because TSI had created an unsuitable work environment for an ethical CFO.

"[T]he federal rules give district courts broad discretion to manage the manner in which discovery proceeds." In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 (2d Cir. 2003). Rule 26(b), Fed. R. Civ. P. provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." The rule applies to discovery sought from non-parties as well. A court may limit "the frequency or extent of discovery" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Rule 26(b)(2)(C).

Gupta originally sought a swath of documents regarding TSI's financial information, specifically the firm's financial reporting and accounting practices and its interactions with banks and regulators. TSI asserted that this material was burdensome to produce, beyond the scope of properly discoverable information, and disproportionate to the issues and needs of Gupta's action against NSR. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(1). "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that ... (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Rule 45(d)(3)(A).

In response to TSI's concerns, Gupta agreed to limit the production requests. (Doc 52 – Ex. H (10/9/2020 Ltr. from K. Galbrieth to P. Berkowitz) at 2–3.) Gupta now seeks only documents and communications that reflect *his expression of concern* to TSI executives

about their financial and accounting practices and interactions with banks and regulators. With the modification of his requests, the Court will grant Gupta's motion to compel.

At the discovery stage and without deciding admissibility, Gupta will be allowed to develop facts tending to show that he was fired by TSI not because he was ineffective or difficult to work with, but because he expressed concern about TSI practices. This may be relevant to the mitigation defense raised by NSR. See Daval Steel Prods., a Div. of Francosteel Corp. v. M/V/Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991) (Relevance under Rule 26 is "obviously broad [and] liberally construed."). The request is not overly burdensome; the documents and communications only surround Gupta's expression of concern, so they can only have been generated during his brief employment with TSI. Lastly, Gupta represents that he has already agreed to a confidentiality agreement with TSI, limiting any concerns surrounding the production of sensitive information. (P. Mem. at 16.)

For these reasons the Court will grant Gupta's motion to compel discovery from TSI, with respect to his revised requests 9, 10, 11, 14, and 17. (P. Mem. at 7–8.) This includes portions of board meeting minutes where Gupta expressed these concerns. TSI need not produce documents and communications that pertain to its financial, accounting, or hiring information and practices more broadly.

CONCLUSION

For the reasons stated above, Gupta's motion to strike NSR's ninth affirmative defense is DENIED, and his motion to compel discovery from third-party TSI is GRANTED. The Clerk is directed to terminate the motions (doc 52).

SO ORDERED.

/s/ P. Kevin Castel
P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 5, 2021