**PG | PERRY GUHA** LLP

SAMIDH GUHA
212-399-8350 PHONE
sguha@perryguha.com EMAIL

August 9, 2021

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Gupta v. New Silk Route Advisors, L.P., et al.*, 19 Civ. 09284 (PKC)
      Letter Motion to Seal Portions of ECF No. 83 and Select Attachments

Dear Judge Castel:

> The referenced documents may provisionally remain sealed because the interest of confidentiality outweighs the presumption of access. The Court makes no finding on whether the documents are in fact protected by a privilege.
>
> SO ORDERED
> [signature] /s/ 8-12-21

In accordance with Your Honor's Individual Practices 4 and 5 and the Stipulation and Order of Confidentiality entered by the Court on July 22, 2020 (ECF No. 33 – the "Confidentiality Order"), Defendants and Counterclaim Plaintiffs in the above-captioned matter (collectively, "NSR") respectfully submit this letter motion to seal portions of the response letter (ECF No. 83) that Plaintiff filed on June 28, 2021. The next conference before the Court is scheduled for September 8, 2021.

On July 1, 2021 the Court denied Plaintiff's motion to seal (ECF No. 82), stating that "there has been no demonstration that the *Lugosch* Standard has been met." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Defendants move the Court to seal these materials, because, for the reasons set forth below and in the accompanying memorandum of law, the standard for sealing set forth in *Lugosch* is met with respect to the documents at issue in Plaintiff's motion.

These documents included two privileged emails between NSR personnel and NSR's outside counsel. Under *Lugosch* and other applicable caselaw, protection of privileged materials "is precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records." *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 160-61 (S.D.N.Y. 2003). As the *Lugosch* Court itself made clear, privileged materials such as these should remain sealed. *See Lugosch*, 435 F. 3d at 120 & 125. Accordingly, NSR moves the Court to order that certain portions of Exhibits 2 and 3 (ECF No. 83-2 & 83-3), and the two lines in Plaintiff's response letter (ECF No. 83) to NSR's letter motion for a conference or permission to  *OK*

The Honorable P. Kevin Castel
August 9, 2021

file a motion for sanctions (ECF No. 81) remain sealed. Plaintiff's counsel has advised NSR that he does not oppose this letter-motion.

Because the sealed documents at issue here (ECF Nos. 83, 83-2 & 83-3) have already been filed with the court and to avoid filing additional material under seal, we have not filed additional copies of those same documents under seal with the proposed redactions highlighted, *see* Individual Practice 5(B)(iii), but can do so if the Court would find such a submission helpful.

We thank the Court for its attention to this matter.

Sincerely,

/s/ Samidh Guha
Samidh Guha
Peter A. Gwynne
Perry Guha LLP
35 East 62nd Street
New York, New York 10065
sguha@perryguha.com
(212) 399-8350

/s/ Harris M. Mufson
Harris M. Mufson
Proskauer Rose LLP
11 Times Square
New York, New York 10036
hmufson@proskauer.com
(212) 969-3000

cc:   All Counsel (via ECF)

Enclosures