UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RISHI K. GUPTA,

                Plaintiff,

                                  19-cv-9284 (PKC)

        -against-                        OPINION AND ORDER

PARAG SAXENA, ET AL.,

                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendants and counterclaimants in this case, who are individuals and entities associated with the New Silk Route group of funds (collectively, "NSR"), have filed a motion for sanctions, pursuant to Rule 37(b)(2), Fed. R. Civ. P., asserting that plaintiff Rishi K. Gupta and his counsel have violated the July 22, 2020 Stipulation and Order of Confidentiality (Doc 33 (the "Confidentiality Order")) by producing confidential NSR documents in response to a third-party subpoena in a separate New York state action. The motion is denied as set forth below. Familiarity with the background of the case and the Court's previous orders is presumed.

BACKGROUND

        Gupta, who was the Chief Compliance Officer and the "de facto" Chief Financial Officer of NSR at the time of his termination on January 5, 2017 (Doc 41 (Am. Compl.) at ¶¶ 12-14, 32-33), brings a claim of retaliation under the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 78u-6(h). Id. at ¶ 1.

        Following Gupta's termination, NSR demanded on multiple occasions that Gupta and his counsel return any "NSR confidential information" in his possession. (Doc 89-2 (April

17, 2017 Letter from H. Mufson to R. Gupta); Doc 89-3 (May 10, 2017 Letter from H. Mufson to R. Gupta); Doc 89-4 (Mar. 27, 2020 Letter from S. Guha and H. Mufson to A. Frumento).) Gupta's counsel responded to NSR on March 28, 2020, noting that: (1) the NSR documents at issue came into Gupta's possession in the "official course of his duties" at NSR; (2) Gupta would not relinquish the documents because he planned to use them to "prosecute this case"; (3) "Gupta has not shared those documents with anyone but us counsel and certain governmental authorities . . . nor [did they] intend to disclose them to anyone except as needed to prosecute this action; (4) Gupta had "no objection to treating all documents that [he] obtained in the course of his duties as NSR's Chief Compliance Officer as 'confidential' under the provisions of a standard confidentiality agreement"; and (5) a prospective confidentiality agreement "would sufficiently protect NSR's legitimate privacy interests in these records."  (Doc 89-5 (March 28, 2020 Letter from A. Frumento to S. Guha).)  Ultimately, the parties negotiated and stipulated to the proposed Confidentiality Order, approved and entered as an order of this Court on July 22, 2020, which delineated the requirements and procedures for designating and maintaining confidential documents.  (Doc 33.)

        As will be discussed, the Confidentiality Order has a good-faith conferral requirement before documents designated as "Confidential" are produced to third parties.  NSR argues that the meet and confer requirement applies regardless of the party designating the document as "Confidential."  Confidentiality Order at ¶ 7.  Gupta urges that the Confidentiality Order does not restrict the designating party's "use" of a document.  Id. at ¶ 13.  Among the documents that Gupta designated as "Confidential" under the provisions of the Confidentiality Order were the documents that he had received while employed by NSR and retained after his termination.

On March 11, 2021, Gupta received a third-party subpoena related to a separate New York state action, Gupta Associates, LLC v. Parag Saxena, et al., Index No.: 57453/2020 (Westchester Cnty.), brought by Gupta Associates, LLC ("Gupta Associates") against NSR, including NSR's Chief Executive Officer, Parag Saxena.  (Doc 94-1 (Frumento Decl.) at ¶ 7.) This subpoena was sent by email to NSR and Saxena's counsel in the state court action at the same time it was emailed to Gupta's counsel.  Id. at ¶ 9.  Gupta Associates, an entity connected with NSR's original co-founder, Rajat Gupta, is unaffiliated with plaintiff Rishi K. Gupta.  (Doc 94-8 (Gupta Decl.) at ¶ 4.)  Gupta Associates also holds a 50% ownership in NSR and is bound, under the Third Amended and Restated Limited Partnership Agreement of NSR (the "Partnership Agreement"), to keep all documents and information about NSR confidential.  Id. (citing § 2.12(a) and Schedule A of the Partnership Agreement).  Gupta's counsel submits that he was aware of these facts "[a]t the time" that Gupta was contemplating his response to the state subpoena.  Frumento Decl. at ¶ 11.

The state subpoena demanded that Gupta produce by March 31, 2021, as relevant here, "[a]ll documents related to the claims and/or defenses in the action" before this Court (Doc 94-9 (Gupta Decl. Ex. A) at 7), which included the NSR documents designated as "Confidential" under the Confidentiality Order.

On March 20, 2021, counsel for Gupta Associates reached out again to Gupta, this time to request that Gupta accelerate production of documents responsive to the subpoena. Frumento Decl. at ¶ 10.  On March 21, 2021, Gupta produced the requested documents, eleven

3

days earlier than the March 31, 2021 deadline (Doc 65 at ¶ 5), after requiring that counsel for Gupta Associates enter into a confidentiality agreement.[1]  Frumento Decl. at ¶ 13.

On March 23, 2021, counsel for NSR emailed Gupta's counsel regarding the state court subpoena and requested to schedule "a meet and confer on this topic as soon as possible." (Doc 97-1.)  It is unclear whether when this March 23, 2021 email was sent, NSR knew that Gupta had already produced documents in response to the state subpoena—the email itself asks whether "Rishi [Gupta] intends to produce any materials in response to the subpoena," and requests that Gupta "first provide any such materials to [NSR], as per the Confidentiality Order" and prior representations by Gupta's counsel.  Id.  In contrast, NSR, in its reply brief, avers that "NSR sent Plaintiff an email on March 23, 2021 . . . to resolve the dispute when it first learned of the production."  (Doc 96 (NSR Reply Br.) at 7 (emphasis added).)  But from both the briefing and the record, it seems clear that: (1) no conference occurred to discuss disclosure under the third-party subpoena and (2) NSR requested such a conference, although it was too late to prevent the production because Gupta had voluntarily agreed to expedite production with eleven days left until the production deadline.  This motion followed.

DISCUSSION

NSR has asserted a counterclaim against Gupta for the alleged conversion of its confidential documents, which he is alleged to have received during his employment but retained post-termination of employment.  (Doc 44.)  On this motion, NSR does not seek an adjudication of its common law rights to the documents or their contents.  Rather, it asks this Court to sanction Gupta for a violation of the Confidentiality Order.

---

[1] Gupta's counsel states that the production occurred on March 22, 2021, Frumento Decl. at ¶ 13, but a review of the filing cited by Gupta's counsel indicates that the production was delivered to Gupta Associates' counsel "on March 21, 2021," (Doc 65 at ¶ 5), which is the production date asserted by NSR.  NSR Br. at 7-8.

4

In complying with its discovery obligations in this action, Gupta produced to NSR the documents he had received in the course of his employment, designating them as confidential pursuant to the Confidentiality Order. (Doc 88 (NSR Br.) at 6 (citing Doc 83).) Paragraph four of the Confidentiality Order restricts the further dissemination of those documents by the "receiving party," which in this case is NSR.[2]  No comparable restriction is placed on the producing or designating party.

NSR's argument relies principally on paragraph seven that requires the parties to confer if a party seeks to disclose Confidential Information to a non-Qualified Person: "In the event counsel for Plaintiff or Defendants . . . disagrees with any designation of 'Confidential Information' or considers it necessary to disclose Confidential Information to a person who is not a Qualified Person, counsel for the parties shall confer in good faith and attempt to resolve the matter informally." Id. at ¶ 7. The provision goes on further, noting that "[i]n conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material. . . ." Id. If the matter is not resolved, the provision requires "[t]he party making the designation" to "file a Motion for a Protective Order" or lose the confidentiality protection surrounding the document. Id. Read in context, the meet and confer requirement applies to disclosure of Confidential Information by the receiving party, not the designating and producing party.[3]  Any doubt on this subject is resolved by the sweeping breath of paragraph thirteen:

---

[2] "Except as otherwise provided herein, Confidential Information shall be disclosed by the receiving party only to Qualified Persons who have read and agree [sic] to be bound by this Stipulation. . . ." Confidentiality Order at ¶ 4. Paragraph five restricts further dissemination by the receiving Qualified Person "without the prior written consent of counsel for the party who produced the information or an order by the Court authorizing such disclosure." Id. at ¶ 5.
[3] For example, paragraph five provides that a "Qualified Person" who receives a document may not disclose it "without the prior written consent of counsel for the party who produced the information. . . ." Id. at ¶ 5. No conferral requirement exists prior to the producing party granting written consent.

"Nothing contained in this Stipulation has any affect [sic] on, and the scope of the Stipulation shall not extend to, the use or disclosure of Confidential Information by the Party who has designated the information as Confidential Information." Id. at ¶ 13.[4]

Under the Confidentiality Order, Gupta was the "part[y] who produced the information" at issue. Id. at ¶ 5. For these documents, Gupta also was the only "Designating Party" under the Confidentiality Order. Id. at ¶¶ 7, 13. Conversely, NSR was the "receiving party." Id. at ¶ 4. Thus, no provision of the Confidentiality Order extends to, "the use or disclosure of Confidential Information by the Party who has designated the information as Confidential Information," who for the purpose of this motion was Gupta. Id. at ¶ 13.

There is no dispute that Gupta's counsel did not confer in advance of production of the documents to a person who indisputably was not a "Qualified Person." But the result NSR urges—the application of the meet and confer provision to the designating party—would run afoul of paragraph thirteen because, at a minimum, it would place a restriction upon the designating party's "use or disclosure" of documents that the party had designated as "Confidential." NSR's unreasonable construction would mean that the producing and designating party could not disclose information contained in a designated document to its banker, auditor or potential acquiror or to a financial regulator or a grand jury without conferring in good faith with opposing counsel. Good faith conferral in an "attempt to resolve the matter informally" would require a party to explain to whom it planned to produce the documents and possibly why it planned to do so.[5] The conferral provision continues the restriction on disclosure

---

[4] The reference to the "Stipulation" is a reference to the "Stipulation and Order of Confidentiality," i.e. the Confidentiality Order.

[5] The precise contours of the good faith conferral requirement are not defined in the Confidentiality Order but it does expressly require "attempt to resolve the matter informally." Confidentiality Order at ¶ 7. One district court recently held that a brief exchange of emails concerning "confidential designations under a protective order did not

in the event the parties are unable to resolve the matter by requiring an application to the Court within seven days.[6]  The Court concludes that the good faith conferral provision does not apply to a designating party because it would "extend" the Confidentiality Order to "the use or disclosure of Confidential Information by the Party who has designated the information as Confidential Information," which is prohibited by paragraph thirteen.

NSR's allegation that Gupta converted the documents at issue does not alter the result.  The documents allegedly converted by Gupta have been the subject of prior Orders of this Court (Docs. 60, 64, 70).  The Court's earlier observation when the prospect of this motion was raised by NSR remains applicable:

> Defendants have asserted a counterclaim for conversion of documents and that claim will be adjudicated on the merits in due course and defendants' proposed Rule 26 and 37 motion is not a vehicle to secure summary adjudication of defendants' conversion claim.  Defendants assert that the Confidentiality Order has been violated and they may bring a motion addressing the purported violation, provided that they can do so independent[ly] of the merits-based claim that plaintiff, prior to the commencement of this action, converted defendants' documents.

(Doc 85 (Order of July 1, 2021).)  NSR has failed to demonstrate a violation of the Confidentiality Order.  Its conversion claim remains pending.

---

satisfy the good faith conferral requirement." Norris v. Gen. Elec. Emps. Fed. Credit Union, 19 cv 741 (SRU), 2020 WL 6198844, at *3 (D. Conn. Oct. 22, 2020).

[6] "If the parties are unable to resolve their differences, they shall so state in writing. The party making the designation must then file a Motion for a Protective Order, request a conference with the Court, or otherwise commence the process to file a Motion for Protective Order under with any applicable local or individual rules within seven (7) days thereafter. If the party making the designation does not take the steps listed above to initiate the filing of a Motion for Protective Order with the Court within fourteen (14) days from written notice of the objection, the document will no longer be deemed Confidential. The burden of going forward to obtain a protective order shall remain on the party seeking a Confidential designation." Confidentiality Order at ¶ 7.

CONCLUSION

NSR's motion for sanctions against Gupta and his counsel is DENIED. The Court's ruling does not foreclose any claim for damages that NSR may have against Gupta on its conversion counterclaim.

The Clerk of the Court is directed to terminate the instant motion (Doc 87).

SO ORDERED.

                                                P. Kevin Castel
                                         United States District Judge

Dated: New York, New York
        January 4, 2022